NORMA GUERRERO,
846 Lenox Avenue, Apartment 1
Waukegan, IL  60085                                        Civil Action No.

                Plaintiff,

v.

CITY OF KENOSHA HOUSING AUTHORITY,
625 52nd Street, Room 98
Kenosha, WI  53140,

DONNA COOK, Executive Director
City of Kenosha Housing Authority
625 52nd Street, Room 98
Kenosha, WI  53140
in her official and individual capacities,

EDWARD GRAY, Chair
City of Kenosha Housing Authority Board of Commissioners
625 52nd Street, Room 98
Kenosha, WI  53140
in his official and individual capacities,

THOMAS HARTLEY, Vice Chair
City of Kenosha Housing Authority Board of Commissioners
625 52nd Street, Room 98
Kenosha, WI  53140
in his official and individual capacities,

                Defendants.

## COMPLAINT

      The plaintiff, Norma Guerrero, by her attorneys, Legal Action of Wisconsin, Inc., alleges as follows for her complaint against the defendants:

## PRELIMINARY STATEMENT

1. This is an action under 42 U.S.C. § 1983 for injunctive and monetary relief. Norma Guerrero alleges she was unlawfully terminated from the Section 8 Housing Choice Voucher Program on two separate occasions: first in June 2007 by the defendant, the City of Kenosha Housing Authority (the "KHA"); and again in December 2010 by all the defendants. On August 27, 2009, the Wisconsin Court of Appeals ruled in a certiorari action that the June 2007 termination was without due process of law. With respect to that termination, therefore, the only issue in this case is the appropriate relief to which Ms. Guerrero is entitled.

2. With respect to the December 2010 termination, the defendants, after voluntarily readmitting Ms. Guerrero to the Section 8 Housing Choice Voucher Program following the Wisconsin Court of Appeals' August 2009 decision, terminated her again because she continued to seek monetary and other relief in the certiorari action. This overtly retaliatory action violates Ms. Guerrero's First Amendment rights to freedom of speech and to petition the government for a redress of grievances, as well as her due process and statutory rights to an impartial decision-maker.

## PARTIES

3. Norma Guerrero is an adult resident of the State of Illinois. Ms. Guerrero resides at 846 Lenox Avenue, Apartment 1, Waukegan, Illinois.

4. The KHA is and has been at all relevant times a Wisconsin public body corporate and politic, duly organized and existing under the Wisconsin Housing Authorities Law, Wis. Stat. § 66.1201 *et seq*. The KHA's principal place of business is at 652 52nd Street, Room 98, Kenosha, Wisconsin.

5. The defendant, Donna Cook, is an adult resident of the State of Wisconsin. Ms. Cook is the executive director of the KHA. Ms. Cook is sued in her official and individual capacities.

6. The defendant, Edward Gray, is an adult resident of the State of Wisconsin. Mr. Gray is the chair of the City of Kenosha Housing Authority Board of Commissioners (the "Board"). Mr. Gray is sued in his official and individual capacities.

7. The defendant, Thomas Hartley, is an adult resident of the State of Wisconsin. Mr. Hartley is the vice chair of the Board. Mr. Hartley is sued in his official and individual capacities.

## JURISDICTION

8. This Court has original jurisdiction of this action under 28 U.S.C. § 1331, in that the action arises under the Constitution and laws of the United States.

## BACKGROUND ON SECTION 8 HOUSING

9. Congress enacted Section 8 of the United States Housing and Community Development Act of 1974 as the primary vehicle for the federal government's efforts to provide an adequate supply of low-income housing. *See* 42 U.S.C. § 1437f.

10. One of the Section 8 programs is known as the Housing Choice Voucher Program, (commonly referred to as "Section 8"). The Housing Choice Voucher Program is federally funded but administered by state or local entities known as public housing agencies ("PHAs"). In the program, the United States Department of Housing and Urban Development ("HUD") provides housing assistance funds to the PHAs, so eligible families can afford decent, safe, and sanitary housing. The families pay reduced rent and may rent a unit anywhere in the

3

United States in the jurisdiction of a PHA that runs a voucher program. *See* 24 C.F.R. § 982.1.

11. The KHA administers, and did administer at all relevant times, a Section 8 Housing Choice Voucher program in the City of Kenosha, Wisconsin.

## FACTUAL ALLEGATIONS

### *The June 2007 termination*

12. In 2006, Ms. Guerrero was a recipient of rent assistance benefits through the Section 8 Housing Choice Voucher Program in the City of Kenosha. Her Section 8 household was composed of herself and her two minor children.

13. By a letter from the KHA, dated December 1, 2006, a true and correct copy which is attached as Exhibit 1, notice was given that Ms. Guerrero's Section 8 rent assistance benefits would be terminated, effective January 31, 2007. The only grounds for termination stated in the letter are two check marks in a check-the-box form, one includes the following text:

> Unauthorized tenant living in the assisted unit. All changes in family size including family members moving out, permanently or temporarily absent or new occupants must be reported to the landlord and the KHA. (Approval from KHA and landlord must be obtained prior to any additions to household).

The other checked item states, "Other: Unauthorized person is Brian Liddell."

14. On December 4, 2006, Ms. Guerrero made a timely written request for a hearing to dispute the termination. The hearing was held on April 30, 2007.

15. By a letter from the KHA, dated May 9, 2007, a true and correct copy of which is attached as Exhibit 2, Ms. Guerrero's rent assistance benefits were terminated, effective June 30, 2007, with the following statement of reason for the termination: "Unauthorized tenant living in your assisted unit – Brian Liddell."

### *The state certiorari action*

16. On June 7, 2007, Ms. Guerrero sought certiorari review under Wis. Stat. § 68.13 of the decision to terminate her Section 8 rent assistance (the "certiorari action"). On March 20, 2008, the Wisconsin Circuit Court for Kenosha County issued a Decision, Order and Judgment, a copy of which is attached as Exhibit 3, remanding the case back to "the Board with the directive that the examiner set forth in writing the reasons for the decision denying such benefits and the evidence relied upon in making that decision."

17. On June 18, 2008, Ms. Guerrero appealed the circuit court's decision to the Wisconsin Court of Appeals. On August 27, 2009, the Wisconsin Court of Appeals held in a decision, a true and correct copy of which is attached as Exhibit 4, that the termination notice was insufficient under the due process standards described in *Driver v. Housing Authority of Racine County*, 2006 WI App 42, 289 Wis. 2d 727, 713 N.W.2d 670, because it failed to provide any information regarding the time period during which the KHA alleged Brain Liddell resided in the assisted unit or what evidence the KHA had to support its decision. The court of appeals reversed the decision of the circuit court and remanded the case with directions for the circuit court to grant appropriate relief.

18. On remand, Ms. Guerrero continued to litigate the certiorari action, consistent with the remand directions in the August 2009 decision of the Wisconsin Court of Appeals, seeking relief in the form of an order (1) that the KHA reinstate her in the Section 8 program and (2) restoration of the monetary rental subsidy that the KHA wrongfully denied her.

19. In May 2010, the KHA voluntarily readmitted Ms. Guerrero as a participant to the Section 8 Housing Choice Voucher Program.

20. Upon being readmitted, Ms. Guerrero's immediately ported (i.e., transferred her Section 8 voucher assistance outside the KHA's jurisdiction) to Waukegan, Illinois, and the Waukegan Housing Authority issued her a new Section 8 voucher.

21. On June 16, 2010, the Wisconsin circuit court entered a Decision and Order, a true and correct copy of which is attached as Exhibit 5, wherein it (1) reversed the May 9, 2007 decision terminating Ms. Guerrero's Section 8 rent assistance; (2) remanded the matter to the KHA and Board for further proceedings consistent with its remand and the decision of the Wisconsin Court of Appeals; and (3) ordered the KHA to determine what remedies and/or rights, if any, Norma Guerrero is entitled to for the wrongful termination of her Section 8 assistance.

22. On September 14, 2010, Ms. Guerrero again appealed the Wisconsin circuit court's decision. In that appeal, Ms. Guerrero claims that the Wisconsin circuit court erred by failing to order her reinstatement in the Section 8 program and the restoration of the monthly rental subsidy the KHA would have paid during the almost-three years when she was wrongfully terminated. That appeal is currently pending before the Wisconsin Court of Appeals.

23. As of the date of filing this action, Ms. Guerrero has not received any decision or notice of a hearing from the KHA regarding the remedy to which she is entitled as a result of the 2007 termination.

*The December 2010 termination*

24. Approximately one month after filing the second appeal in the state court certiorari action challenging the 2007 termination, the KHA, in letter dated October 15, 2010, and signed by defendant Cook, a copy of which is attached as Exhibit 6, gave notice terminating Ms. Guerrero's Section 8 rent assistance benefits (which had been reinstated in May 2010).

6

25. The reason for the termination, as stated in the letter, is the same reason for Ms. Guerrero's prior 2007 termination: "Brian Liddell presumed to be residing in the assisted unit, 6612 18th Avenue, Kenosha, WI 53143, from 7/8/2003 to 10/24/2006 . . . ."

26. On October 19, 2010, Ms. Guerrero made a timely written request for a hearing to dispute the termination. The hearing was held on November 3, 2010. The hearing officers were defendants Gray and Hartley. Defendant Cook was present at the hearing.

27. By a letter dated November 15, 2010, signed by defendant Cook, a copy of which is attached as Exhibit 7, the defendants terminated Ms. Guerrero's Section 8 rent assistance benefits, effective December 31, 2010, stating the following as the reason: "Mr. Brian Liddell, residing in the assisted unit: 6612 18th Avenue, Kenosha, WI 53143, from 7/8/2003 to 7/8/2004.

28. The alleged unauthorized occupancy of Brian Liddell was a pretextual basis for, and not the actual reason for, the defendants' termination of Ms. Guerrero from the Section 8 program.

29. The defendants terminated Ms. Guerrero from the Section 8 program in retaliation against her for continuing to litigate and appealing the state certiorari action. But for Ms. Guerrero's actions in this regard, the defendants would not have terminated her.

**IRREPARABLE INJURY**

30. The defendants proposed termination of Ms. Guerrero's Section 8 rent assistance benefits, effective December 31, 2010, threatens her with irreparable injury, in that she is obligated on a lease for which she is unable to afford the rent without Section 8 rent assistance benefits. On information and belief, defendants will deny a retaliatory motive, notwithstanding the timing of the 2010 termination proceeding occurring after Ms. Guerrero was reinstated but

7

continued to seek a remedy for her illegal 2007 termination, and notwithstanding that the defendants have made no claim that Ms. Guerrero has violated any rule or provision of the current voucher, and notwithstanding that the defendants knowingly violated state law as applied in *Williams v. Housing Authority of the City of Milwaukee*, 2010 WI App 14, 2010 Wis. 2d 179, 779 N.W.2d 185, by basing their decision solely on uncorroborated hearsay evidence. The determination of defendants' motive will not be determined before the litigation can be concluded.

## FIRST CAUSE OF ACTION: 42 U.S.C. § 1983
## VIOLATION OF RIGHT TO ADEQUATE NOTICE AND DECISION
## IN THE 2007 TERMINATION OF BENEFITS

31. The KHA is a "person" within the meaning of 42 U.S.C. § 1983.

32. Upon information and belief, the decision to terminate Ms. Guerrero on June 30, 2007 was made by the KHA and/or a KHA employee(s) with final decision-making authority for terminating Ms. Guerrero from the Section 8 program.

33. It was the KHA's custom, practice, and policy at the time to provide deficient termination notices that did not afford participants the due process to which they were entitled, in that the notices did not detail the reasons for the terminations.

34. It was the KHA's custom, practice, and policy at the time to provide deficient termination decision letters that did not afford participants the due process to which they were entitled, in that the decision letters did not include detailed explanations of the hearing examiners' decisions or the evidence that was relied upon or discounted in arriving at those decisions.

35. The KHA acted under color of state law, custom, or usage, within the meaning of 42 U.S.C. § 1983, when it terminated Ms. Guerrero from the Section 8 program on June 30,

2007.

36. The KHA terminated Ms. Guerrero's participation in the Section 8 program on June 30, 2007 without due process of law, in violation of the 14th Amendment of the United States Constitution, by its failure to:

   a. provide Ms. Guerrero with adequate written notice of her termination, which details the reasons for the termination; and

   b. provide Ms. Guerrero with a decision letter that included a detailed explanation of the hearing examiners' decision and the evidence that was relied upon or discounted in arriving at that decision.

37. By its failures as described in the preceding paragraph, the KHA also deprived Ms. Guerrero of her rights under 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.555(c), (e)(6) and the Due Process Clause of the 14th Amendment of the United States Constitution.

38. As a proximate result of the KHA's actions, Ms. Guerrero has been damaged in an amount that has yet to be determined.

## SECOND CAUSE OF ACTION: 42 U.S.C. § 1983
## VIOLATION OF FIRST AMENDMENT
## IN THE 2010 TERMINATION OF BENEFITS

39. The decision to terminate Ms. Guerrero, effective December 31, 2010, was made by the KHA, Donna Cook, Edward Gray, and/or Thomas Hartley.

40. Donna Cook, Edward Gray, and/or Thomas Hartley had final decision-making authority for the KHA with respect to terminating Ms. Guerrero from the Section 8 program.

41. All four defendants acted under color of state law, custom, or usage, within the meaning of 42 U.S.C. § 1983, when they terminated Ms. Guerrero from the Section 8 program, effective December 31, 2010.

42. The defendants terminated Ms. Guerrero's participation in the Section 8 program,

9

effective December 31, 2010, in retaliation against her for continuing to litigate and appealing the certiorari action, in violation of her rights under the First Amendment of the United States Constitution to freedom of speech and to petition the government for a redress of grievances.

43. As a proximate result of the defendants' actions, Ms. Guerrero has been damaged in an amount that has yet to be determined.

44. The defendants' conduct threatens Ms. Guerrero with irreparable harm for which no adequate remedy at law exists in that her Section 8 rent assistance benefits may be terminated before this action may be finally determined, depriving her, *pendent lite,* of on-going benefits to which she is entitled.

### THIRD CAUSE OF ACTION: 42 U.S.C. § 1983
### VIOLATION OF RIGHT TO AN IMPARTIAL DECISION-MAKER
### IN THE 2010 TERMINATION OF BENEFITS

45. The defendants terminated Ms. Guerrero's participation in the Section 8 program, effective December 31, 2010, in violation of her rights to an impartial decision-maker and to have that decision-maker issue a written decision, as secured by the Due Process Clause of the 14th Amendment, 42 U.S.C. § 1437d(k), and 24 C.F.R. § 982.555(e)(4), (6).

46. As a proximate result of the defendants' actions, Ms. Guerrero has been damaged in an amount that has yet to be determined.

47. The defendants' conduct threatens Ms. Guerrero with irreparable harm for which no adequate remedy at law exists in that her Section 8 rent assistance benefits may be terminated before this action may be finally determined, depriving her, *pendent lite,* of on-going benefits to which she is entitled.

WHEREFORE, the plaintiff demands judgment as follows:

A. Granting a temporary restraining order, and preliminary and permanent

injunctions enjoining the defendants from terminating the plaintiff's participation in the Section 8 Housing Choice Voucher Program, or, in the alternative, ordering the defendants to immediately reinstate the plaintiff as a participant in the program;

B. For monetary damages against the defendant, the City of Kenosha Housing Authority, for the June 30, 2007 termination, in an amount that has yet to be determined;

C. For monetary damages against the defendants, jointly and severally, for the December 31, 2010 termination, in an amount that has yet to be determined;

D. For her costs and disbursements of this action, including attorney fees pursuant to 42 U.S.C. § 1988; and

E. For such other relief as shall be just.

                                        s/ Leon W. Todd_____
                                        Leon W. Todd
                                        State Bar No. 1050407
                                        Jeffery R. Myer
                                        State Bar No. 1017339
                                        Francisca M. Murillo
                                        State Bar No. 1057401
                                        Attorneys for Plaintiff

Legal Action of Wisconsin, Inc.
4900 Spring Street, Suite 100
Racine, WI 53406
Tel. (262) 635-8836
Fax (262) 635-8838
Email: lwt@legalaction.org